IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN R. DINAPOLI, II,

                      Plaintiff,              Case No. 3:05 CV 1707

  -vs-

                                           <u>MEMORANDUM OPINION</u>

RICH GANSHEIMER, Warden,

                      Defendant.

KATZ, J.

      This matter is before the Court on the objection (Doc. No. 23) of John R. Dinapoli, II ("Petitioner") to the Magistrate's Report and Recommendation of March 6, 2006 (Doc. No. 22). Since the issuance of that Report and Recommendation, determinative events have transpired. On May 3, 2006, the Ohio Supreme Court reversed Petitioner's underlying sentence and remanded the matter to the state trial court for resentencing of the Petitioner. *In re Ohio Crim. Sentencing Statutes Cases*, 109 Ohio St. 3d 313, 2006 Ohio 2109; 847 N.E.2d 1174 (2006). Additionally, the U.S. Court of Appeals for the Sixth Circuit has dismissed as moot (Doc. No. 31) Petitioner's appeal from this Court's denial (Doc. No. 17) of Petitioner's motion to stay the state court proceedings (Doc. No. 14). The Lake County Court of Common Pleas, to which the case was remanded for resentencing by the Supreme Court, has yet to resentence Petitioner. (The case is *Ohio v. Dinapoli*, Lake County Court of Common Pleas, CP# 02CR000447.) Until that happens, this Court's hands are tied.

      As the Report and Recommendation indicates, this Court may only grant a writ of habeas corpus if a petitioner has exhausted the remedies available to him or her in state court. *Clinkscale v. Carter*, 375 430 (6th Cir. 2004) (citations omitted). A petitioner has not exhausted all state court remedies within the meaning of the doctrine of exhaustion if he or she has the right under state law

to raise, by any available procedure, the question presented. *Id.* at 437. The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990). In Ohio, the exhaustion requirement is satisfied when the petitioner has exhausted direct and delayed appeals to the Ohio Court of Appeals and the Supreme Court. *Id.* at 881-82. As the Report and Recommendation further points out, fair presentation of an issue requires that "the same claim under the same theory be presented" for the state court's consideration. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (citations omitted).

Here, Petitioner essentially requests that this Court overturn the initial state court sentencing because the method by which it was issued violated the U.S. Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2005). Even Respondent concedes that it may well be true that the sentence, which preceded the *Blakely* decision, violated *Blakely*, but that does not mean this Court can intervene in the state court proceedings. The Court of Common Pleas has not yet resentenced Petitioner in light of *Blakely*. Therefore, it cannot be said that the state court has had a full and fair opportunity to consider Petitioner's *Blakely* claim.

As a result of all of the above, the claim is not exhausted, and this Court, accordingly, hereby dismisses the habeas corpus petition (Doc. No. 1) for failure to exhaust, as well as Petitioner's objection (Doc. No. 23) to the Magistrate's Report and Recommendation. As a matter of course, and having considered the arguments contained therein, this Court also dismisses Petitioner's motion for leave to amend and supplement his petition for habeas corpus (Doc. No. 29).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE